### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **DARRYL JACKSON, on behalf of himself and on behalf of all other similarly situated individuals,** | ) ) ) | |
| | ) | **Case: 1:23-cv-05141** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **UJAMAA CONSTRUCTION, INC.** | ) ) | |
| **-AND-** | ) ) | **Jury Trial Demanded** |
| **JIMMY AKINTONDE (Individually),** | ) ) | |
| **Defendants.** | | |

### COMPLAINT

Plaintiff, Darryl Jackson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against UJAMAA Construction, Inc. and Jimmy Akintonde (individually) ("Defendants"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendants' did not pay them overtime wages at a rate of one and one-half times their regular rate of pay. Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime wage case is attached hereto as Exhibit "A."

2. This lawsuit further arises under the Illinois Minimum Wage Law (820 ILCS 105/4a) ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated

persons.

3.    Plaintiff's consent form to act as representative party plaintiff in this FLSA and IMWL minimum wage case is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

4.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to 29 U.S.C. §201, *et seq*.

5.    Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6.    This Court has pendent jurisdiction and supplementary jurisdiction of Count III through 28 U.S.C. §1367.

## PARTIES

7.    At all times material to the allegations of this Complaint, Plaintiff, Darryl Jackson resided in Cook County in the State of Illinois.

8.    At all times material to the allegations in this Complaint, Defendant, UJAMAA Construction, Inc. was a corporation doing business in and for Cook County, whose address is 7744 S Stony Island Avenue, Chicago, IL 60649.

9.    At all times material to the allegations in this Complaint, Defendant Jimmy Akintonde resided in Cook County in the State of Illinois. His address is 1213 W Lexington St, Chicago, IL 60607.

## GENERAL FACTUAL ALLEGATIONS

10.    Plaintiff was employed by Defendants as maintenance staff (a non-exempt employee) beginning in April 2018 until his termination on or around May 9, 2023.

2

11. Plaintiff's job duties included, but are not limited to, the following: diligently keep the shop clean and organized; picking up and delivering to job sites items needed for construction; and general maintenance work.

12. Plaintiff performed a specific job which was an integral part of the business of Defendants.

13. Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

14. Defendants were Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

15. Defendant UJAMAA Construction, Inc. was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

16. Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

17. Defendant UJAMAA Construction, Inc. is owned and operated by Defendant Jimmy Akintonde.

18. Plaintiff routinely worked over forty (40) hours or more in a work week but Defendants just paid 80 hours on each paycheck regardless of Plaintiff working more than 80 hours in the bi-weekly pay period.

19. For example, Plaintiff worked more than 40 hours each seven day work week in the pay period of 2/13/2022 to 02/26/2022 but was only paid straight time for 80 hours.

20.     In most if not all work-weeks, Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendants did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

21.     At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

22.     Not only did Defendants fail to pay Plaintiff time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours within a work week during one or more weeks of employment, but Defendants failed to pay Plaintiff any sum at all for hours worked in excess of forty (40) hours within a work week.

23.     As a result of these practices, Plaintiff is owed lost wages and liquidated damages as a result of not being paid overtime.

24.     Plaintiff engaged in protected activity on numerous occasions to complain to Defendants about not being paid overtime.

25.     Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendants, are in Defendants' possession.

## §206(a) COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff asserts his Count I under the FLSA, pursuant to 29 §206(a) on behalf of Plaintiff and on behalf of all similarly situated employees currently and formerly employed by Defendant.

27.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

**206(a) Class: All current and former non-exempt non-salaried employees of UJAMAA Construction, Inc. who were not compensated at least minimum wages for all hours worked.**

28.     All potential §206(a) Class Members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were not paid minimum wage for all hours worked.

## §216(b) COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff asserts his Court I and Count II claims, pursuant to 29 § 216(b) on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendant.

30.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

**216(b) Class: All current and former employees of UJAMAA Construction, Inc. who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

31.     All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were paid no more than forty (40) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

## COUNT I
### Violation of the Fair Labor Standards Act – Failure to Pay Overtime
**(Plaintiff on his own behalf and on behalf of all similarly-situated employees)**

32.     Plaintiff hereby repeats and incorporates paragraphs 1-31 as if set forth fully herein.

33.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay overtime wages to Plaintiff and all other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

34.     During the course of his employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

35.     Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, in excess of forty (40) hours per week in one or more individual workweeks.

36.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and all other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

37.     Defendant did not compensate Plaintiff and all other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

38.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**<u>COUNT V</u>**
**Violation of the IMWL, 820 ILCS 105/4a. – Failure to Pay Overtime**
**(Plaintiff on his own behalf and on behalf of all similarly-situated employees)**

39.     Plaintiff hereby repeats and incorporates paragraphs 1-31 as if set forth fully herein.

40.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

41.     The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

42.     Plaintiff brings this action pursuant to 820 ILCS 105/12(a). Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was

entitled to be compensated at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

43.    Defendant violated the IMWL by refusing to compensate Plaintiff at one and one-half times his normal hourly rate of pay for all hours worked in excess of forty (40) hours per week.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of all other similarly situated employees, pray for a judgment against Defendant as follows:

    a.  A judgment in the amount of one and one-half times Plaintiff and all other similarly situated employees' regular rate of pay for all hours worked in excess of forty (40) hours in individual workweeks;

    b.  Liquidated damages in an amount equal to the amount of compensation found due;

    c.  Reasonable attorneys' fees and costs incurred in filing this action; and

    d.  For such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 4th day of August 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*